IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

TRAVINA ATARA HYMAN,

    Petitioner,

v.                                                                                      **CRIMINAL NO. 4:16CR10**

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM ORDER*

Travina Hyman ("Petitioner") has filed a *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Having considered Petitioner's motion, the Court concludes that Petitioner has not shown any reason for the Court to toll the statute of limitations provisions of 28 U.S.C. § 2255. Accordingly, Petitioner's motion is **DISMISSED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 19, 2016, Petitioner pleaded guilty to the criminal information charging Petitioner with Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957. ECF No. 9. On October 3, 2016, the Court sentenced Petitioner to ninety-six (96) months in prison. ECF No. 24. Petitioner's total offense level was 22, her criminal history category was VI, and her guideline range was 84 to 105 months. ECF No. 22. Petitioner did not appeal. Petitioner later filed a motion to reduce her sentence on March 12, 2018 which was subsequently denied by this Court on July 9, 2018 due to untimely filling. ECF Nos. 30 and 42. Petitioner filed the present motion to vacate on August 6, 2018. ECF No. 43.

1

## II. LEGAL STANDARD

### A. Title 28 U.S.C. § 2255 statute of limitations

In 1996, Congress amended the law governing § 2255 motions as a part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2255. Section 2255 provides in relevant part that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. To determine whether Petitioner has timely filed her motion, the Court must measure one year from the most recent date provided by § 2255 subsections one through four.

### B. *Pro se* standard

A *pro se* petitioner is entitled to have her petition and asserted issues construed liberally. *Pro se* petitioners are held to a less stringent standard than attorneys drafting such complaints. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). Accordingly, the Court has interpreted the allegations and facts as reasonably as possible.

## III. DISCUSSION

As Title 28 U.S.C. § 2255 requires, Petitioner is subject to a one-year statute of limitations period on her claim. The Court must assess Petitioner's facts and circumstances to determine when the statute of limitations began to run. Petitioner alleges that subsection four of the § 2255 applies to her motion due to exculpatory, newly discovered evidence. ECF No. 43 at 15. However, Petitioner neither specifies applicable evidence nor articulates an alternative date on which the limitations period should have begun. Even if the Court assumes Petitioner is referencing one or more of the exhibits attached to her motion, none of Petitioner's exhibits contain facts undiscoverable through the exercise of due diligence prior to Petitioner's date of conviction. *See* ECF No. 43-1. Furthermore, subsections two and three of § 2255 do not apply because there is no evidence to suggest that the government impeded upon Petitioner's ability to file a § 2255 motion and Petitioner does not assert a new right from the Supreme Court that is retroactively applicable to her conviction. Therefore, the Court must measure the limitations period from the date on which the judgment of conviction became final, as per subsection one.

For the purposes of subsection one, Petitioner's conviction became final on the date the Court entered its judgment of conviction and Petitioner declined to pursue further direct appeals. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001); *United States v. Torres*, 211 F.3d 836, 837 (4th Cir. 2000). As noted above, Petitioner did not file an appeal. Accordingly, Petitioner's conviction became final on October 20, 2016, the last day petitioner could have appealed to the Fourth Circuit. ECF No. 26. Consequently, the statute of limitations for § 2255 as applied to Petitioner ended on October 20, 2017.

The limitations period of § 2255 is subject to tolling on equitable grounds. *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). Petitioner did not make an argument in support

of equitable tolling in her initial petition; however, she did include an equitable tolling argument in her response to the government's reply. *See* ECF No. 49 at 9-14. Accordingly, the Court will liberally construe an intention on behalf of the Petitioner to amend her petition arguing that the statute of limitations in § 2255 should be tolled due to Petitioner's alleged mental incapacitation. Petitioner believes that her multiple previous diagnoses including anxiety, borderline personality disorder, obsessive compulsive disorder, bipolar disorder, and post-traumatic stress disorder, along with the several medications she was taking at the time, are sufficient to toll the statute. *Id.*

To prevail, Petitioner must show that circumstances, typically out of her control, entitle her to tolling because it would be unconscionable to enforce the limitations period given the circumstances. *Prescott,* 221 F.3d at 688. Furthermore, Petitioner must demonstrate "profound mental incapacity" throughout the statute of limitations period causing an inability to timely file. *United States v. Sosa,* 364 F.3d 507, 513 (4th Cir. 2004). The Court refers to the following guiding factors in determining whether a petitioner's mental capacity can toll the statute of limitations for § 2255 petitions:

> "1. Mental incapacity or incompetency, in appropriate circumstances, may warrant the application of equitable tolling.
>
> 2. Application of the doctrine in this context, as in all contexts, must be rare, and tolling should apply only where the petitioner has alleged facts showing that his mental incapacity or incompetency amounted to an extraordinary circumstance.
>
> 3. In addition to proving that a petitioner suffered from a qualifying mental incapacity or incompetency, a petitioner must also demonstrate this condition prevented him from filing a timely petition.
>
> 4. A petitioner's ability to make other legal filings during the alleged period of his incompetency counsels strongly against allowing equitable tolling of a petitioner's federal habeas petition."

*Robison v. Hinkle*, 610 F. Supp. 2d 533, 540 (E.D. Va. 2009). Beginning with factor two, Petitioner fails to provide sufficient information to prove that her illnesses amounted to extraordinary circumstances. Prior to sentencing, Petitioner's Presentence Investigative Report (PSR) in no way indicated that Petitioner lacked a sound mind to undergo the proceedings. Furthermore, Petitioner proffered no post-judgement evidence of hospitalization, psychiatric evaluation, or any other clinical visits or diagnosis to support her claim of mental incompetency.

Factor three requires evidence that Petitioner would have timely filed the present motion to vacate but for her mental incapacity. As previously stated, Petitioner lacks evidence of mental incapacity during the limitations period. Consequently, Petitioner fails to demonstrate the necessary causation to justify relief. Turning to the fourth factor, Petitioner made a separate untimely filing during her period of alleged mental incompetency. Petitioner argues that she had not "stabilized" and become aware of the factors that led to her conviction until April of 2018, ECF No. 49 at 9-10, even though Petitioner previously filed a motion to reduce her sentence in March of 2018. In that motion, Petitioner made no mention of her alleged mental incapacitation being the cause of her untimely filing. ECF No. 30. Less than one month after this Court denied her previous motion, Petitioner filed the instant untimely Motion to Vacate.

The Court does not find Petitioner's alleged mental incapacitation to be a sufficient reason to toll the statute of limitations period as required by 28 U.S.C. § 2255. Therefore, Petitioner's Motion is untimely and accordingly **DISMISSED**. Since Petitioner's motion to vacate is untimely, the Court will not discuss other claims for relief which Petitioner raises.

## IV. CONCLUSION

For the foregoing reasons, the Petitioner's motion is **DISMISSED**. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the Court is also required to issue or deny a certificate of appealability. The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's habeas petition on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). For the foregoing reasons, Petitioner does not satisfy this standard. Accordingly, the Court **DENIES** a certificate of appealability. Although Petitioner may not appeal the denial of her § 2255 Motion without a certificate of appealability, the Court **ADVISES** Petitioner that she may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States Court of Appeals for the Fourth Circuit.

In addition, the Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 8000, 101 West Main Street, Norfolk, VA 23510.

IT IS SO **ORDERED**.

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
November 28, 2018